

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BUTTERFLY TRANSPORTATION CORPORATION ET AL. | CIVIL ACTION |
| VERSUS | NO. 04-3533 |
| BERTUCCI INDUSTRIAL SERVICES, L.L.C. | SECTION "M" (2) |

### ORDER AND REASONS

Pending before me is the motion of defendant, Bertucci Industrial Services, L.L.C., filed with the consent of plaintiffs, Butterfly Transportation Corp. and Stamos Steamship Co., seeking an order compelling United States Department of Agriculture ("USDA") inspectors Wayne Carter and Kennedy Green to appear for depositions in this case. Record Doc. No. 17. Both USDA inspectors were subpoenaed for their pretrial depositions, but failed to appear when they were prohibited from doing so by their agency.

Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that the motion is **DENIED** and the USDA inspectors need not appear in response to the subpoenas for the following reasons.

This case involves a private dispute as to which the United States is not a party. Essentially, plaintiffs allege that defendant is liable for damage sustained when a cargo of soybeans was contaminated in vessel cargo holds defendant was contractually obligated to clean. These same cargo holds were allegedly inspected twice by the subpoenaed USDA inspectors, and the parties seek their deposition testimony concerning the results of those inspections and the official certificates that were issued at their conclusion.

The United States, on behalf of the USDA and its employees, has filed a written opposition to the motion. In its opposition, the United States advances three grounds for opposing the motion. First, sovereign immunity bars enforcement of the subpoenas of its employees where the USDA has properly exercised its regulatory authority to refuse to permit the depositions of its employees. Second, the relevant official certificates of the USDA inspectors are "prima facie evidence of the truth of the facts stated therein," rendering the requested depositions unreasonably cumulative or duplicative. Third, movant has failed to articulate any concrete need for the deposition testimony.

Plaintiffs' motion papers cite no law and are therefore largely unpersuasive. Similarly, the second and third arguments advanced by the USDA are unconvincing. While it is true that "[o]fficial certificates setting out the results of official inspection issued and not canceled under [USDA statutory authority] shall be received by all officers and all courts of the United States as prima facie evidence of the truth of the facts stated therein," 7 U.S.C. § 79(d), courts have concluded that this statute does not render the contents of USDA official inspection certificates unassailable. "Rather, courts have held that this statute creates a rebuttable presumption that the certificates accurately state the quality and quantity of the subject matter to which they pertain. . . . [W]hile official certificates are given some deference, parties are free to present evidence challenging the validity of their contents." Granos Nacionales, S.A. v. North Central Commodities, 1998 WL 1776579, *7 (D.N.D. 1998); HNV Central River Front Corp. United States, 25 Cl. Ct. 606, 612 (Cl. Ct. 1992). Thus, the testimony of the inspectors is not precluded by the mere existence of certificates whose contents may be rebutted by other evidence, and the certificates are not necessarily duplicative and cumulative of the inspectors' testimony. The movants need demonstrate no "concrete need" for the testimony beyond its relevance and materiality, which can hardly be questioned.

However, the first argument advanced by the United States, that sovereign immunity and the existence of valid USDA "Touhy regulations" preclude this court's

enforcement of the subpoenas, is compelling and supported by substantial law, which is unrebutted in plaintiffs' motion papers.

In Touhy v. Ragen, 340 U.S. 462 (1951), the United States Supreme Court specifically recognized the authority of federal government agency heads to restrict testimony of their subordinates, if done so pursuant to published regulations issued in furtherance of the doctrine of sovereign immunity. Boron Oil Co. v. Downie, 873 F.2d 67, 69 (4th Cir. 1989); Landry v. Federal Bureau of Investigation, 1997 WL 375881, *5 (E.D. La. July 3, 1997) (Clement, J.). "Touhy is part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." Boron Oil Co., 873 F.2d at 69 (citing Swett v. Schenk, 792 F.2d 1447, 1451-52 (9th Cir. 1986); Reynolds Metals Co. v. Crowther, 572 F. Supp. 288, 290-91 (D. Mass. 1982); C.R.C. Builders Co., Inc., 626 F. Supp. 12, 14 (D. Colo. 1983)). "The policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." Boron Oil Co., 873 F.2d at 70.

As sanctioned in <u>Touhy</u>, the USDA has promulgated certain regulations governing the appearance of its employees in response to subpoenas and requests for testimony. The regulations provide at 7 C.F.R. § 1.214 in pertinent part as follows:

> (b)(1) An employee of USDA served with a valid summons, subpoena, or other compulsory process, or requested to appear as a witness on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is not a party, may appear <u>only if such appearance has been authorized by the head of his or her USDA agency</u>, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of the USDA.
>
> * * * * *
>
> (c) Unless an appearance is authorized as provided [above] . . . , the employee shall appear at the stated time and place (unless advised by the General Counsel . . . that the summons, subpoena, or other process was not validly issued or served), produce a copy of these regulations and respectfully <u>decline to provide any testimony</u>.
>
> * * * * *
>
> (e)(1) In determining whether the employee's appearance is in the interest of USDA, authorizing officials should consider the following:
> (i) what interest of USDA would be promoted by the employee's testimony;
> (ii) whether an appearance would result in an unnecessary interference with the duties of the USDA employee;
> (iii) whether an employee's testimony would result in the appearance of improperly favoring one litigant over another.

There is no suggestion in movants' papers, and I have located no citation to any law, indicating that the foregoing regulations are invalid in any way. On the contrary,

the regulations appear to be entirely consistent with the holding in <u>Touhy</u>, and they vest broad discretion in the appropriate USDA agency head to determine whether USDA employees will testify in actions like the captioned matter. In addition, there is no indication in this record that the decision of the USDA to prohibit the testimony of its subpoenaed employees was arbitrary or capricious or otherwise made inconsistently with the agency's <u>Touhy</u> regulations.

On this record, I find that the decision of the USDA to prohibit its employees from testifying in response to the subject deposition subpoenas was consistent with applicable law. Under these circumstances, the motion is DENIED, and USDA inspectors Carter and Green will not be compelled to provide deposition testimony in this case.

Houma, Louisiana, this ___7th___ day of October, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE