FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 26  PM 4: 17

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BUTTERFLY TRANSPORT CORPORATION AND SAMOS STEAMSHIP CO., S.A.** | **CIVIL ACTION NO. 04-3533** |
| **VERSUS** | |
| **BERTUCCI INDUSTRIAL SERVICES, LLC** | **SECTION M** |

## ORDER

Before the Court is Defendant's Motion for Summary judgment which came for hearing on May 10, 2006, with oral argument. After consideration of the motions, the arguments and the applicable law, the Court GRANTS the Motion.

**FACTS:**

In January, 2004, Plaintiffs Butterfly Transport Corporation (Butterfly) and Samos Steamship co. S.A. (Samos) contracted with Defendant Bertucci Industrial Services, L.L.C. (Bertucci) to prepare eight cargo holds on the MV MAYA for grain loading. Bertucci, a vessel cleaning contractor, was to clean the cargo holds to the standards of the United States Department of Agriculture (USDA) for the carriage of corn, soybeans and soybean meal from New Orleans to ports in Turkey and Syria for discharge. The "no cure, no pay" contract, was priced at $145,000. Initially, on January 5, the USDA

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

had inspected the M/V MAYA's holds and rejected all of them. Subsequent to Bertucci's cleaning, the USDA inspected and passed all eight of the holds on January 9, 2004.

The contract between the parties, which was prepared by the plaintiffs, was styled as a Confirmation of Order, and read, in pertinent part, as follows:

> **FURTHER TO OUR EXCHANGED EMAILS AND TELCOMS OVERNIGHT AND THIS MORING WE HEREBY CONFIRM OUR ACCEPTANCE OF BERTUCCI INDUSTIRAL SERVICES LLC, TO CARRY OUT CLEANING AND PREPARING ALL SHIP'S CARGO HOLDS (8 CARGO HOLDS) FOR GRAIN LOADING. WORK TO COMMENCE IMMEDIATELY AND TO TERMINATE WITH ISSUING NCB AND USDA HOLDS ACCEPTANCE CERTIFICATE FOR LOADING GRAINS.**

Bertucci alleges that its contractual duties spelled out in the Confirmation of Order were fully satisfied once the certificates were issued by the USDA and NCB, and that the contract terminated at that time.

Plaintiffs allege that Bertucci failed to remove the residues of prior cargo, especially oil cargo residues from the upper reaches of hold 2, and therefore breached the contract.

**ANALYSIS:**

Pursuant to the contractual provisions, Bertucci's contract with the plaintiffs terminated at the time that the acceptance certificates were issued. At oral argument Plaintiffs contended that that the contract should be read together with e-mails sent between the parties during the negotiations regarding additional duties Bertucci owed to them under the contract which would create a breach, namely, that the contract was for

2

a larger than normal price($145,000), took longer than usual to complete and required cleaning equipment not normally used. Plaintiffs argue that this evidence shows Bertucci was obligated to clean the holds more stringently than just to pass USDA inspection.

The Court does not agree. The contract is unambiguous regarding termination. It terminated upon the issuance of the certificate. If Bertucci had continued to clean the hold, they would have been in breach. Summary judgment is appropriate.

**Accordingly**, the Motion is **GRANTED**.

New Orleans, Louisiana, this 26th day of May, 2006.

Peter Beer
United States District Judge